# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE,<br><br>Plaintiff,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION, et al.,<br><br>Defendants.<br>_____/ | CASE NO. 1:09-cv-00158-AWI-GSA PC<br><br>FINDINGS AND RECOMMENDATIONS RECOMMENDING DISMISSAL OF ACTION, WITHOUT PREJUDICE, FOR FAILURE TO EXHAUST PRIOR TO FILING SUIT<br><br>(Doc. 1)<br><br>OBJECTIONS DUE WITHIN THIRTY DAYS |

**Findings and Recommendations Following Screening of Complaint**

**I.    Plaintiff's Failure to Exhaust Administrative Remedies**

Plaintiff Joshua Todd Woolridge is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983 and California law. Plaintiff filed this action January 26, 2009.

Plaintiff concedes that he has not exhausted the inmate appeal process but contends that it is unconstitutional, violating Plaintiff's 14th Amendment right of due process. Plaintiff adds that he is pursuing injunctive relief against the lockdown that is the subject of his appeal. *See* Doc. 1, p. 2, ¶ IIC.

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Accordingly, prisoners are

required to exhaust available administrative remedies prior to filing suit. Jones v. Bock, 549 U.S. 199, 211 (2007); McKinney v. Carey, 311 F.3d 1198, 1199-1201 (9th Cir. 2002). "A prisoner's concession to nonexhaustion is valid grounds for dismissal . . . ." Wyatt v. Terhune, 315 F.3d 1108, 1120 (9th Cir.), *cert. denied*, 540 U.S. 810 (2003).

To satisfy § 1997e(a), California state prisoners are required to use the available process to exhaust their claims prior to filing suit. Woodford v. Ngo, 548 U.S. 81, 85 (2006); McKinney, *supra*, 311 F.3d at 1199-1201. "[E]xhaustion is mandatory under the PLRA and . . . unexhausted claims cannot be brought in court." Jones, *supra*, 549 U.S. 211 (*citing* Porter v. Nussle, 534 U.S. 516, 524 (2002).

The exhaustion requirement applies to all prisoner suits relating to prison life. Porter, *supra*, 435 U.S. at 532. Exhaustion is required regardless of the relief sought by the prisoner and regardless of the relief offered by the process. Booth v. Churner, 532 U.S. 731, 741 (2001). Exhaustion of prison grievance procedures is now mandatory, even if the procedures do not meet federal standards and even if they are not "plain, speedy, and effective." Porter, *supra*, 534 U.S. at 524 (*quoting* Booth, *supra*, 532 U.S. at 739 n. 5).

Plaintiff's cryptic reference to "not meeting time restraints in error" does not obviate the exhaustion requirement. Plaintiff had fifteen days after the order locking down Black prisoners was issued on January 11, 2009, to file an administrative appeal. 15 Cal. Admin. Code § 3084.6(a). When Plaintiff completed his federal complaint on January 22, 2009, four days remained in which he could file his prison grievance. Since Plaintiff concedes that he did not pursue his administrative remedies, there is no basis to infer that Plaintiff contends that prison officials failed to meet time constraints.

### III. Conclusion and Recommendation

Although the PLRA requires plaintiffs to exhaust administrative remedies before filing suit, Plaintiff concedes that he failed to do so. Further, neither Plaintiff's constitutional objections to the prison grievance process nor his pursuit of injunctive relief excuse Plaintiff from the exhaustion requirement. Accordingly, the Court HEREBY RECOMMENDS dismissal of this action, without prejudice, for failure to exhaust prior to filing suit. 42 U.S.C. § 1997e(a).

1    These Findings and Recommendations will be submitted to the United States District
2 Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within
3 **thirty (30) days** after being served with these Findings and Recommendations, plaintiff may file
4 written objections with the court.  The document should be captioned "Objections to Magistrate
5 Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections
6 within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v.</u>
7 <u>Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

   IT IS SO ORDERED.

   **Dated:   April 3, 2009**              **/s/ Gary S. Austin**
                                          UNITED STATES MAGISTRATE JUDGE