# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSHUA TODD WOOLRIDGE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CALIFORNIA DEPARTMENT<br>OF CORRECTIONS AND<br>REHABILITATION, et al.,<br><br>　　　　Defendants.<br>_____/ | CASE NO. 1:09-cv-00158-AWI-GSA PC<br><br>ORDER DENYING MOTION FOR INJUNCTION<br><br>(Doc. 16)<br><br>ORDER DIRECTING CLERK'S OFFICE TO RE-SERVE ORDERS 14 AND 15 |

Plaintiff Joshua Todd Woolridge, a state prisoner, was proceeding pro se and in forma pauperis in this civil rights action filed on January 26, 2009. On May 15, 2009, this action was dismissed based on Plaintiff's failure to exhaust prior to filing suit and judgment was entered. On July 6, 2009, Plaintiff filed a motion seeking an injunction mandating that he be provided with law library access at Kern Valley State Prison, where he is currently housed.[1]

"A preliminary injunction is an extraordinary remedy never awarded as of right." Winter v. Natural Resources Defense Council, Inc., 129 S.Ct. 365, 376 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." Id. at 374 (citations omitted). An

///

---

[1] Plaintiff's representation that he has pending deadlines in this action, set by the United States Magistrate Judge, is incorrect. On April 15, 2009, Plaintiff filed an objection to the recommendation that this action be dismissed. Thereafter, the undersigned adopted the findings and recommendations in full, and dismissed this action.

1

injunction may only be awarded upon a *clear showing* that the plaintiff is entitled to relief. Id. at 376 (citation omitted) (emphasis added).

This action has been dismissed and judgment entered. Therefore, Plaintiff cannot make the requisite showing entitling him to an injunction. Id. at 374. Further, even if the action remained open and pending, the Court has no jurisdiction to issue an order aimed at addressing Plaintiff's current conditions of confinement because the order would not remedy any claims at issue in the action.[2] 18 U.S.C. § 3626(a)(1)(A); City of Los Angeles v. Lyons, 461 U.S. 95, 102, 103 S.Ct. 1660, 1665 (1983); Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc., 454 U.S. 464, 471, 102 S.Ct. 752, 757-58 (1982); Jones v. City of Los Angeles, 444 F.3d 1118, 1126 (9th Cir. 2006). Therefore, Plaintiff's motion shall be denied.

In reviewing the docket in this action, the Court notes that the dismissal order and the judgment were returned by the United States Postal Service as undeliverable on May 26, 2009. The Court has verified that the order and judgment were served on Plaintiff at Kern Valley State Prison, and included Plaintiff's correct prison identification number. It is unclear why the order and judgment were returned, but the Court will direct the Clerk's Office to re-serve them on Plaintiff.

For the reasons set forth herein, it is HEREBY ORDERED that:

1.	Plaintiff's motion for an injunction, filed July 6, 2009, is DENIED; and

2.	The Clerk's Office shall re-serve documents 14 and 15 on Plaintiff.

IT IS SO ORDERED.

**Dated:   October 26, 2009**              /s/ **Anthony W. Ishii**
                                    CHIEF UNITED STATES DISTRICT JUDGE

---

[2] The claims raised by Plaintiff in the complaint occurred at Pleasant Valley State Prison, and arose following an incident between two gangs on January 8, 2009, which caused all black inmates to be affected by ensuing classification decisions. Plaintiff alleged discrimination in violation of the Equal Protection Clause of the Fourteenth Amendment, and violation of the Eighth Amendment.